IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02915-WYD-MEH

NOEL SMITH, and
STEPHANIE SMITH,

    Plaintiffs,

v.

CITY OF THORNTON,
MICHAEL SNOOK, in his individual and official capacity,
CHRISTOPHER STUTTERS, in his individual and official capacity,
BRYAN BENNETT, in his individual and official capacity, and
JOHN VERMILYE, in his individual and official capacity,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on December 7, 2012.**

    Defendants' (Unopposed) Motion to Stay Discovery [filed November 13, 2012; docket #9] is **granted**.[1] The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). In this case, Defendants Michael Snook, Christopher Sutters, Bryan Bennet, and John Vermilye have each asserted the defense of qualified immunity in their pending Motion to Dismiss for Failure to State a Claim and Application of Qualified Immunity. Although qualified immunity is not available to the City of Thornton, the District Court has recently recognized that "the Supreme Court believes that discovery should be stayed in the case as a whole, even when only one defendant is asserting qualified immunity." *A.A. v. Martinez, et al.*, 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012).

    In light of the above, the Court orders that all further proceedings in this case are **stayed** pending the District Court's resolution of Defendants' Motion to Dismiss for Failure to State a Claim and Application of Qualified Immunity. In accordance with the stay, the Scheduling Conference set in this case for January 2, 2013, is hereby **vacated**. The parties are directed to file

---

    [1]Though Plaintiffs initially opposed the motion, their response indicates that they have no objection to staying discovery during the pendency of Defendants' motion to dismiss. *See* docket #15.

a Status Report within three (3) business days of receiving a ruling on Defendants' Motion to Dismiss for Failure to State a Claim and Application of Qualified Immunity indicating whether the Scheduling Conference should be reset.