IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02915-WYD-MEH

NOEL SMITH, and,
STEPHANIE SMITH,

    Plaintiffs,

v.

CITY OF THORNTON;
MICHAEL SNOOK, in his individual and official capacity;
CHRISTOPHER STUTTERS, in his individual and official capacity;
BRYAN BENNETT, in his individual and official capacity; and,
JOHN VERMILYE, in his individual and official capacity,

    Defendants.

---

## ORDER
---

THIS MATTER is before the Court on the City of Thornton, Michael Snook, Christopher Stutters, Bryan Bennett, and John Vermilye's Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 7] and their Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8]. For the reasons stated below: (1) the City of Thornton, Michael Snook, Christopher Stutters, Bryan Bennett, and John Vermilye's Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8] is GRANTED; (2) the City of Thornton, Michael Snook, Christopher Stutters, Bryan Bennett, and John Vermilye's Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 7] is DENIED AS MOOT; and, (3) this action is REMANDED to the District Court for Adams County, Colorado.

## BACKGROUND

On October 4, 2012, plaintiffs, Noel and Stephanie Smith (collectively "the Plaintiffs"), filed suit against defendants, the City of Thornton, Colorado, Thornton Police Department ("TPD") Officers Michael Snook, Christopher Stutters, Bryan Bennett, and TPD Sergeant, John Vermilye (collectively "the Defendants"), in the District Court for Adams County, CO, seeking damages for injuries that Noel Smith sustained when a Ford Expedition driven by a suspect whom the TPD officers were pursuing, collided with him while he was riding through an intersection on a motorcycle.

On October 7, 2010, detectives from the Fort Collins Police Department ("FCPD") conducted surveillance at an apartment complex in Thornton, CO, which they believed a suspect wanted for several crimes resided. The FCPD detectives contacted TPD, apprised it of their surveillance, and requested information regarding a Ford Expedition that the suspect allegedly stole. A Ford Expedition pulled into the apartment complex and the FCPD detectives identified the suspect but remained in their unmarked police vehicles. An hour after the suspect pulled into the apartment complex, he re-entered the Ford Expedition and exited the complex.

The FCPD detectives followed the suspect and communicated their location to TPD personnel. The FCPD detectives followed the suspect as he entered a McDonald's drive through then entered a shopping center parking lot. When the suspect entered the shopping center parking lot, defendants, TPD Officers Snook, Stutters, and Bennett arrived on the scene, activated their emergency lights and sirens, and positioned their marked patrol cars for a high-risk traffic stop. At that moment, the suspect accelerated through the parking lot to evade the officers. Officers Snook,

Stutters, and Bennett pursued the suspect through the parking lot and into a condominium complex. Officer Bennett blocked an exit from the complex with his patrol car. The suspect drove toward Officer Bennett's patrol car, collided with the patrol car, and continued to evade the officers. After the collision, Officers Snook, Stutters, and Bennett terminated the pursuit and turned off their emergency sirens and lights.

Soon after terminating the pursuit, defendant, TPD Sergeant Vermilye, radioed-in to Officers Snook, Stutters, and Bennett and directed them to re-engage the suspect because he was wanted for robbery and kidnapping. In order to re-engage the suspect, Officers Snook, Stutters, and Bennett:  (1) exceeded posted speed limits; (2) proceeded through stop signs; and, (3) proceeded through red light signals at intersections. The officers caught up to the suspect and observed him run numerous red lights and swerve in and out of oncoming traffic. As the officers approached the intersection of York St. and 136th Avenue, they witnessed the suspect's Ford Expedition strike Noel Smith on his motorcycle as he entered the intersection. As a result of the collision, Noel Smith sustained "a fractured right femur, an open right tibia fracture, partial avulsion of the toe, and [a] pelvic fracture." ECF No. 3, p. 10, ¶ 112.

On October 4, 2010, the Plaintiffs filed suit against the Defendants in the District Court for Adams County, CO, alleging:  (1) state law claims for negligence and loss of consortium; and, (2) violations of Noel Smith's substantive due process rights under the Fourteenth Amendment to the Constitution of the United States. On November 6, 2012, the Defendants filed a Notice Of Removal [ECF No. 1] and removed the lawsuit to the United States District Court for the District of Colorado on the basis of federal question subject matter jurisdiction pursuant 28 U.S.C. § 1331. On November 13, 2012, the

Defendants filed a Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 7], arguing that the Colorado Governmental Immunity Act ("CGIA"), COLORADO REVISED STATUTE § 24-10-101, *et seq.*, grants them immunity from the Plaintiffs' negligence and loss of consortium claims.  That same day, the Defendants also filed a Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8], arguing that:  (1) Stephanie Smith lacks standing to bring a claim under the Fourteenth Amendment; (2) the Plaintiffs' fail to present legally cognizable substantive due process claims; and, (3) they are entitled to qualified immunity.

## ANALYSIS

### A. The Defendants' Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8]

42 U.S.C. § 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Pursuant to § 1983, the Plaintiffs allege that Officers Snook, Stutters, and Bennett and Sergeant Vermilye, violated Noel Smith's substantive due process rights under the Fourteenth Amendment by engaging in a high-speed chase with a suspect that resulted in the suspect colliding with Noel Smith at an intersection and causing injury.  The Defendants argue that:  (1) Stephanie Smith lacks standing to bring a claim under the Fourteenth Amendment; (2) the Plaintiffs fail to present legally cognizable substantive due process claims; and, (3) they are entitled to qualified immunity.

### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6) of the FEDERAL RULES of CIVIL PROCEDURE

FED. R. CIV. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2007).

In ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), I "must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)(citations omitted). The plaintiff "must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009); *see also Twombly*, 550 U.S. at 546 (2007) (The plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). General allegations "encompass[ing] a wide swath of conduct, much of it innocent" will fail to state a claim. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

### a. Stephanie Smith's § 1983 Claims

The Defendants argue that Stephanie Smith lacks standing to bring a claim under the Fourteenth Amendment.  In their Response To Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 13], the Plaintiffs concede that Stephanie Smith lacks standing to bring a § 1983 claim and withdraw her claims brought under § 1983. ECF No. 13, p. 13, ¶ 3.  Therefore, the Defendants' Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8] is GRANTED to the extent the Defendants seek dismissal of Stephanie Smith's § 1983 claims, and those claims are DISMISSED WITH PREJUDICE.

### b. Fourteenth Amendment Substantive Due Process Claims Regarding High-Speed Police Chases Resulting In Injury

The Fourteenth Amendment states, in pertinent part, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  The Supreme Court of the United States has "emphasized time and again that the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification of a legitimate governmental objective." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (internal quotation marks and internal citations omitted).  The United States Court of Appeals for the Tenth Circuit has stated that a plaintiff alleging a violation of the Fourteenth Amendment pursuant to § 1983, arising out of a high-speed police chase which results in injury, must establish:  (1) the defendants intended to harm him; *or*, (2) the defendants "had sufficient time to actually deliberate and exhibited conscience-shocking 'deliberate indifference'" towards the plaintiff. *Green v. Post*, 574 F.3d 1294, 1302 (10th

Cir. 2009).

The parties dispute whether the intent to harm standard applies or whether the deliberate indifference standard applies. In *Green*, the Tenth Circuit analyzed a Fourteenth Amendment claim brought under § 1983, which involved a high-speed police chase resulting in injury, and explained when each standard applies. The case involved a police officer who pursued a vehicle suspected of driving away from a gas station without paying for $30.00 worth of gas. The police officer pursued the suspected vehicle at a high rate of speed, did not have his sirens or lights on, and collided with the plaintiff at an intersection.[1] The force of the collision ejected the plaintiff from the vehicle and the plaintiff died from his injuries.

In analyzing the plaintiff's claim, the Tenth Circuit laid out when each standard applies. Regarding the intent to harm standard, the court stated that:

> The intent to harm standard is not limited to situations calling for split-second reactions. Rather, it applies whenever decisions must be made in haste, under pressure, and frequently without the luxury of a second chance. As the Eighth Circuit recently noted, the intent-to-harm standard most clearly applies in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation.

574 F.3d at 1301 (internal quotations and citations omitted). Regarding the deliberate indifference standard, the court stated that "'liability for deliberate indifference . . . rests upon luxury . . . of having time to make unhurried judgments, upon the chance for repeated reflection, largely unaccompanied by the pulls of competing obligations.'" *Id.* at 1303 (quoting *Perez v. Unified Gov't of Wyandotte Cnty./Kansas City*, 432 F.3d 1163,

---

[1] The facts are not clear as to whether the suspect was actually within the pursuing officer's sight. *See* 574 F.3d at 1301 n.7 ("Officer Pose was clearly responding to a call to 'pursue' a suspected gas thief, whose car may or may not have been in the officer's view").

- 7 -

1166 (10th Cir. 2005)). The court also stated that it would apply the deliberate indifference standard "when actual deliberation is practical." *Id.* at 1303 (citations omitted).

The Tenth Circuit noted that "a determination of when an officer has time for 'actual deliberation' is elusive." *Id.* at 1301 n.8. The Tenth Circuit further noted that its "case [lay] somewhere in the vast middle ground" of what constitutes a high-speed chase or a high-speed pursuit. *Id.* at 1301 n.7. It appears that these factors led the Tenth Circuit to refrain from stating whether the intent to harm standard applied or whether the deliberate indifference standard applied. The Tenth Circuit analyzed the plaintiff's claim under both standards and found that there was no intent to harm the plaintiff and that the police officer's actions did not rise to the level of "conscience-shocking deliberate indifference." *Id.* at 1304.

The determination of what standard applies hinges on deliberation *i.e.*, whether the situation is time sensitive and high pressure, or whether the police officers have the luxury to make a calm, reflective, unhurried judgment. Here, Officers Snook, Stutters, and Bennett faced the suspect's instantaneous, high-speed evasion from a high-risk traffic stop. Sergeant Vermilye faced a time sensitive decision of whether to order Officers Snook, Stutters, and Bennett to re-initiate the high-speed chase of the suspect after he gained new information that the suspect was wanted for robbery and kidnapping. Further, Officers Snook, Stutters, and Bennett faced a situation in which they had to decide whether to comply with Sergeant Vermilye's orders, which included part and parcel, the decision of whether it was prudent to re-initiate the high-speed pursuit now that they had knowledge that the suspect was wanted for robbery and

kidnapping. Situations such as these require police officers to "balance on the one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other hand, the high-speed threat to everyone within stopping range, be they suspects, their passengers, other drivers, or bystanders." *Lewis*, 523 U.S. at 853. More importantly, these situations demand a response without prolonged deliberation. Such was the case here, and as such, I will follow the Supreme Court of the United States's pronouncement in *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998), that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *See Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009) (citing *Lewis*, 523 U.S. at 836) ("When an officer is in a high-pressure situation where time is of the essence, there must be evidence of a purpose to cause harm unrelated to the legitimate object of the arrest to satisfy the element of arbitrary conduct shocking to the conscience for a due process violation").

Thus, in order to prevail on his Fourteenth Amendment substantive due process claim, Noel Smith must establish that the Defendants either intended to harm him or intended to worsen his legal plight. The complaint is void of any such allegations, and further, it was the suspect who collided with and injured Noel Smith, not the Defendants. As such, Noel Smith fails to state a claim upon which relief may be granted. Therefore, the Defendants' Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8] is GRANTED, and Noel Smith's substantive due process claims are DISMISSED WITH PREJUDICE. Because Noel Smith fails state a

claim upon which relief may be granted, I need not address the Defendants' argument regarding qualified immunity.

**B. Remand**

In their Notice Of Removal [ECF No. 1], the Defendants allege federal question subject matter jurisdiction and base such jurisdiction on Noel Smith's substantive due process claims. ECF No. 1, p. 2, § 7 ("As a result, Plaintiffs have presented a federal question over which this Court properly has jurisdiction under 28 U.S.C. § 1331"). The Defendants also allege that pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Plaintiffs' state law negligence and loss of consortium claims because they form part of the same case or controversy. *Id.* Because I dismissed the Plaintiffs' substantive due process claims, federal question subject matter jurisdiction no longer exists because the Plaintiffs' state law negligence and loss of consortium claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

28 U.S.C. § 1367(c)(3) grants me discretion to refrain from exercising supplemental jurisdiction when I have dismissed all claims over which this Court has original jurisdiction.[2] Pursuant to the discretion afforded me under 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims. *See Smith v. City of Enid by & ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims"). Therefore, the Defendants' Motion To Dismiss For Lack Of Subject Matter

---

[2] Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction . . . "

Jurisdiction [ECF No. 7] is DENIED AS MOOT and this case is REMANDED to the District Court for Adams County, CO.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the Defendants' Motion To Dismiss For Failure To State A Claim And Application Of Qualified Immunity [ECF No. 8] is **GRANTED**, and the Plaintiffs' Fourteenth Amendment substantive due process claims, brought pursuant to 42 U.S.C. § 1983, are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that pursuant to the discretion afforded me under 28 U.S.C. § 1367(c)(3), I **DECLINE** to exercise supplemental jurisdiction over the Plaintiffs' state law negligence and loss of consortium claims.  Accordingly, it is

ORDERED that the Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction [ECF No. 7] is **DENIED AS MOOT**, and this action is **REMANDED** to the District Court for Adams County, CO.

Dated:  September 27, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge